IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NGUYEN, TUNG THANH ) | Case No. 09-11640-7 |
| NGUYEN, PAMELA S ) | |
| Debtor(s) ) | |
| ) | |
| ) | |
| CARL B. DAVIS, TRUSTEE ) | |
| Plaintiff ) | |
| vs. ) | |
| ) | |
| THI HOA PHAM, NOEL ESPLUND. LISA ) | Adv. No. |
| DANG ) | |
| DefendantS ) | |

**TRUSTEE'S COMPLAINT PURSUANT TO 11 U.S.C. §548**
**TO AVOID AND RECOVER TRANSFER**

COMES NOW Carl B. Davis, trustee of the above-captioned bankruptcy estate, by and through his attorneys of record, Davis and Jack, L.L.C., and for his complaint against defendants, Thi Hoa Phamm Noel Esplund and Lisa Dang states and alleges as follows:

1. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 28 U.S.C. § 157(b)(2)(H), 11 U.S.C. §§ 542, 548, Fed.R.Bankr.P. 7001, and LBR D.Kan. 1001-1, *et seq.* This is a core proceeding.

2. The debtors filed a petition for relief under Chapter 7 of title 11, 11 U.S.C. § 101, *et seq.,* on 05/27/09 and the 11 U.S.C. §341 Creditors' Meeting was held and concluded on 06/22/09

3. Carl B. Davis is the duly appointed and acting trustee of debtor's bankruptcy estate.

4. Defendants are related to debtor and are "insiders" as that term is defined in 11 U.S.C. § 101(31).

In the United States Bankruptcy Court
For the District of Kansas
*In re NGUYEN, TUNG THANH,* Case No. 09-11640-7
Trustee's Complaint Pursuant to 11 U.S.C. §548
To Avoid and Recover Transfer
Page 2

5. On or about May 29, 2008, less than one year prior to the bankruptcy filing, the debtor Quit Claimed certain real property legally described as follows:

> Lots 1 and 2 and the East ½ of the East ½ of the South 80 acres of the Northeast 1/4 of Section 5, Township 26 South, Range 5 West of the 6th PM, Reno County, Kansas;

and

> Lots 3 and 4, Block 2, Riverview Heights, a Subdivision of the East ½ of Lot 3, Section 5, Township 26 South, Range 5 West of the 6th P.M., Reno County, Kansas.

6. Debtor received less than a reasonably equivalent value in exchange for the above-described transfer, and was insolvent at the time of said transfers or was rendered insolvent by virtue of said transfers.

7. The described transfer is a Fraudulent transfer as described in aa U.S.C. 548(a)(1)(B) and is avoidable by the trustee.

WHEREFORE, Carl B. Davis, trustee, prays that debtor's transfer of the real property described above to defendants be set aside as fraudulent transfers pursuant to 11 U.S.C. §548(a)(1)(B), that defendants be ordered to convey and deliver said transferred property, or it's equivalent value, to plaintiff, as trustee of debtor's bankruptcy estate, and for such other and further relief as the Court deems just and equitable.

In the United States Bankruptcy Court
For the District of Kansas
*In re NGUYEN, TUNG THANH,* Case No. 09-11640-7
Trustee's Complaint Pursuant to 11 U.S.C. §548
To Avoid and Recover Transfer
Page 3

        Respectfully submitted,

        *s/ Carl B. Davis*
        Carl B. Davis, #13705
        Davis & Jack, L.L.C.
        Attorneys for Plaintiff
        2121 W. Maple
        P.O. Box 12686
        Wichita, Kansas 67277-2686
        Telephone: (316) 945-8251